[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This is an amended eight-count complaint, in which plaintiff alleges in the first three counts that defendant misused funds of Top Janitorial, Inc., a corporation in which plaintiff is a stockholder. In the fourth through seventh counts, plaintiff alleges that defendant misused his funds in establishing a different corporation, Jack's Janitorial, Inc. The eighth count alleges that defendant intermingled the assets, liabilities and employees of the two corporations in a manner detrimental to the "economic welfare" of Jack's Janitorial, Inc.
By motion dated February 14, 1991, defendant moves to strike either counts one through three, or four through seven, of the amended complaint because these represent two separate actions arising from different transactions which may not be united in one complaint under C.P.B. Sec. 133(7).
Judge Maloney, in considering an earlier motion, in this case, to sever based on the same claim, but addressed to the original seven-count complaint, denied the motion to sever on procedural grounds, but stated obiter dictum that "These alleged transactions arose out of wholly separate facts and circumstances occurring at separate times" and were "obviously not connected with the same subject of action within the meaning of Practice Book Sections 133(7) and 134 and should not be joined in the same complaint."
The new count eight in the amended complaint goes a long the entire complaints may now be fairly construed as alleging a course of conduct by the defendant in which he is alleged to have breached his fiduciary duty and committed fraud in the several ways alleged in the various counts. We now view the CT Page 7126 amended complaint in its entirety as fairly constituting "claims . . . arising out of the same transaction or transactions connected with the same subject of action" within the meaning of C.P.B. Sec. 133.
Motion to Strike denied.
WAGNER, J.